IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **INTERCALL, INC.,**<br>a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>**EXAMINATION MANAGEMENT SERVICES, INC.,**<br><br>　　　　　　Defendant. | **CASE NO. 8:13CV175**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion for Summary Judgment or, in the alternative, Partial Summary Judgment (Filing No. 22) filed by Plaintiff InterCall, Inc. ("InterCall"), and the Motion for Partial Summary Judgment (Filing No. 25) filed by Defendant Examination Management Services, Inc. ("EMSI"). Also before the Court are EMSI's Motions to Strike (Filing Nos. 28 and 44), and InterCall's Motion to Strike (Filing No. 31). For the reasons stated, InterCall's Motion for Partial Summary Judgment will be denied, EMSI's Motion for Partial Summary Judgment will be granted in part, and the Motions to Strike will be denied as moot.

**FACTUAL BACKGROUND**

**I.   Undisputed Facts**

Unless otherwise indicated, the following facts were presented in the parties' briefs and were supported by pinpoint citations to admissible evidence in the record that the parties have admitted, or that the parties have not properly resisted as required by NECivR 56.1[1] and Fed. R. Civ. P. 56.

---

[1] "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." NECivR 56.1(b)(1). For simplicity, the Court recites the

InterCall is a Delaware corporation with its principal place of business in Omaha, Nebraska. Intercall provides audio, web, and video conferencing services. EMSI is an information service provider and a Nevada corporation with its principal place of business in the state of Texas. The parties assert diversity jurisdiction under 28 U.S.C. §1332(a).

In providing its services, EMSI regularly makes presentations for training and information sharing purposes. On August 23, 2010, EMSI executed a Subscription Order Form (the "Brainshark Order Form") with Brainshark Inc. ("Brainshark") for use of the "Brainshark Presentations Package" software to fulfill EMSI's presentation and training needs. The initial term of the Brainshark Order Form commenced on August 23, 2010, and was to renew automatically on each anniversary thereafter unless terminated according its terms, or terminated by one of the parties in the event of an uncured breach of the agreement. The Brainshark Order Form required notice by the terminating party. EMSI asserts that no notice of termination or default of the Brainshark Order Form was given or received by EMSI, and the Brainshark Order Form was not terminated. (Filing No. 27-1 ¶ 7.)

During the first term of the Brainshark Order Form, EMSI contemplated enhancing EMSI's use of Brainshark's "Rapid Learning" services with functionality that would better report training completed and certificates obtained by EMSI personnel.

---

properly referenced facts in both parties' Motions. InterCall's brief in support of its Motion contains a numbered statement of material facts, but also recites a "Statement of Facts" that does not comply with the local rule. The Court further notes that EMSI's Brief in Opposition to InterCall's Motion (Filing No. 40) does not contain a response to the statement of material facts asserted in InterCall's Brief. Instead, EMSI filed motions to strike various parts of InterCall's Index of Evidence. Accordingly, all properly referenced facts in InterCall's statement of material facts that are supported by admissible evidence are considered admitted.

EMSI approached Brainshark about obtaining customized access to Rapid Learning. Brainshark proposed certain product enhancements, but to expand its services, Brainshark required EMSI to prepay the entire fee for the first year's use. EMSI rejected Brainshark's proposal because of the up-front billing and payment requirements.

Brainshark referred EMSI to InterCall to see whether InterCall could arrange the enhanced Rapid Learning services through Brainshark, while allowing EMSI to make monthly payments. InterCall and Brainshark previously entered into a reseller agreement allowing InterCall to act as an outside independent sales representative for Brainshark's services. On June 30, 2011, EMSI and InterCall entered into the "Brainshark Unlimited Edition Services Order Form" (the "InterCall Order Form") (Filing No. 27-5 or Filing No. 24-4 at ECF 13), with an effective date of July 1, 2011. The InterCall Order Form gave EMSI access to "Brainshark Unlimited Edition" that permitted unlimited use of Brainshark's "Content Management" software. (*Id.*)  The InterCall Order Form also provided for other Brainshark services, including the requested product enhancements to Brainshark's Rapid Learning software. (*Id.*) The total annual fee under the InterCall Order Form was $174,000.

The InterCall Order Form stated: "This Order Form shall automatically renew without interruption for successive 12 month periods unless customer gives written notice of its intent not to renew the Order Form at least 30 days before the beginning of any renewal term." (Filing No. 27-5 at ECF 1; *see also* Filing No. 24-4 at ECF.) The InterCall Order Form incorporated InterCall's own Terms and Conditions or, if

applicable, a written service agreement executed by the parties.[2] (*Id.*) The Terms and Conditions permitted either party to terminate the InterCall Order Form for cause upon a material breach by the other party after written notice. (Filing No. 24-4 at ECF 17.) With respect to notices, the Terms and Conditions stated: "Notices to InterCall must be sent to the address mentioned in InterCall's invoice to Customer with a courtesy copy to 8420 W. Bryn Mawr Ave., Suite 400, Chicago, Illinois 60631, Attn: Legal Department; Fax: 706.634.3735; Email: legal@intercall.com."[3] (Filing No. 24-4 at ECF 22.)

Over the first four months of the InterCall Order Form, Brainshark attempted to develop specific plans to provide EMSI with the enhancements requested for the Rapid Learning software, but Brainshark was unable to implement Rapid Learning services for EMSI. By letter dated November 14, 2011, and addressed to Jon Davagian of Brainshark, EMSI attempted to terminate the InterCall Order Form for cause for several reasons, including Brainshark's failure to complete and implement the enhancements to Rapid Learning on behalf of InterCall. EMSI did not send the November 14, 2011, letter to InterCall, nor is there evidence of any written notice to InterCall of termination for cause, or notice to InterCall that EMSI did not intend to renew the InterCall Order Form.

## II.  Disputed Facts

InterCall seeks to recover damages for EMSI's failure to pay for the unlimited use of Brainshark's Content Management services as agreed in the InterCall Order Form.

---

[2] The parties admit they did not enter into a written service agreement.

[3] InterCall asserts that its invoices to EMSI mention the address "15272 Collections Center Drive, Chicago, IL 60693." (Affidavit of Kumi Reed, Filing No. 24-4 ¶ 6.) InterCall's statement of facts does not reference the invoices themselves, and EMSI has challenged the admissibility of the Affidavit of Kumi Reed (Filing No. 28).

EMSI states that it is excused from payment under the InterCall Order Form because InterCall failed to provide the enhancements to Brainshark's Rapid Learning software, as contemplated by the InterCall Order Form. Further, EMSI seeks damages, in part, for InterCall's breach of the InterCall Order Form related to Rapid Learning services.

The parties' dispute at this stage centers on which order form governs EMSI's use of Brainshark's "Content Management" services from July 1, 2011, through January 11, 2013. EMSI argues that its legal obligation to pay for Content Management was governed by the terms of the Brainshark Order Form because the Brainshark Order Form continued in effect after execution of the InterCall Order Form, and any services EMSI used were covered by the terms of the Brainshark Order Form. EMSI also claims that it validly rescinded the InterCall Order Form following InterCall's failure to provide the promised enhancements to Brainshark's Rapid Learning.

InterCall argues that the InterCall Order Form replaced and extinguished the Brainshark Order Form, and that the InterCall Order Form governs EMSI's legal obligation because EMSI used Content Management on an unlimited-seat basis from July 1, 2011, through January 11, 2013, rather than a ten-seat limited basis as contemplated by the Brainshark Order Form. Further, InterCall argues that EMSI's unlimited use of Content Management, irrespective of the failure to have Rapid Learning implemented, waived any claim or defense based on InterCall's alleged breach of the InterCall Order Form.

### STANDARD OF REVIEW

"Summary judgment is appropriate when, construing the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party

is entitled to judgment as a matter of law." *Crozier v. Wint,* 736 F.3d 1134, 1136 (8th Cir. 2013) (citing Fed. R. Civ. P. 56(c)). "Summary Judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n. 2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) *cert. denied*, 132 S.Ct. 513 (2011)) (internal quotations omitted). In reviewing a motion for summary judgment, the court will view "all facts and mak[e] all reasonable inferences favorable to the nonmovant." *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.,* 703 F.3d 1104, 1107 (8th Cir. 2013). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.* at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe,* 690 F.3d at 1011 (quoting *Torgerson*, 643 F.3d at 1042) (internal quotations omitted). "'[T]he mere existence of

some alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 972 (8th Cir. 2012) (quoting *Torgerson*, 643 F.3d at 1042) (internal quotations omitted). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue for trial" and summary judgment is appropriate. *Torgerson*, 643 F.3d at 1042 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)) (internal quotations omitted).

## DISCUSSION

### I. Operative Agreement

#### A. Novation

It is not apparent from the face of the order forms or the undisputed facts that the InterCall Order Form extinguished the rights and obligations of the Brainshark Order Form. *See Forest Products Indus., Inc. v. ConAgra Foods, Inc.*, 460 F.3d 1000, 1003 (8th Cir. 2006) (quoting *Simpson v. Norwesco, Inc.*, 583 F.2d 1007, 1012 (8th Cir. 1978)) ("There is no doubt that the parties to a contract may, by their mutual agreement, enter into a new or modified contract and extinguish the obligations of the old contract."). InterCall argues that the InterCall Order Form constituted a novation of the

Brainshark Order Form. Under Nebraska law,[4] "[t]wo conditions must be met in order for an agreement to constitute a novation: (1) The agreement must completely extinguish the existing liability, and (2) a new liability must be substituted in its place." *Mackiewicz v. J.J. & Associates*, 514 N.W.2d 613, 624 (Neb. 1994). "A novation will never be presumed. The complete discharge of the original debtor must be shown to have been expressly agreed upon or must be necessarily and clearly inferred from the express terms of the agreement." *Id.*

The Court cannot conclude as a matter of law that the parties agreed the InterCall Order Form would extinguish the obligations of the Brainshark Order Form. *See Mackiewicz*, 514 N.W.2d at 624 (stating that where previous contracts were never extinguished, a new contract cannot constitute a novation). The InterCall Order Form and its incorporated documents do not reference the obligations of the Brainshark Order Form in any way. Further, no evidence in the record demonstrates the parties intended to extinguish the rights and obligations of the Brainshark Order Form. InterCall states in its brief (though not in its statement of material facts) that when the parties entered into the InterCall Order Form, Brainshark ceased invoicing EMSI for Content Management under the Brainshark Order Form. (Pl. Br., Filing No. 23 at 13.) While such an action could be evidence that the parties extinguished the Brainshark Order Form, the evidence InterCall cites to does not support this assertion. The Affidavit of Sandeep Malhotra (Filing No. 24-1), even if admissible, does not mention Brainshark's invoicing actions, nor do the accompanying exhibits. Based on the record, the Court cannot

---

[4] The parties agree that the contracts and disputes in this case are governed by Nebraska law.

conclude as a matter of law that the InterCall Order Form completely extinguished the rights and obligations of the Brainshark Order Form.

InterCall argues that the parties' conduct demonstrates a novation because EMSI used Brainshark's Content Management on an unlimited basis after the InterCall Order Form went into effect. InterCall suggests that such use implies a novation because the InterCall Order Form permitted unlimited Content Management use, while the Brainshark Order Form did not. However, this inference cannot be drawn from the face of the order forms. The Brainshark Order Form lists EMSI's subscription service as "Unlimited Edition (up to 10 employees)," and included the "Unlimited Brainshark Presentations Package." (Filing No. 24-3 at ECF 19.) The InterCall Order Form lists "Brainshark Content Management (unlimited views)" with the short description "Brainshark Unlimited Edition." (Filing No. 24-4 at ECF 13.) EMSI argues that the "Unlimited Brainshark Presentations Package" packages permitted unlimited views of uploaded content. Thus, EMSI states that its "unlimited" use of Content Management would have been consistent with the Brainshark Order Form. Both order forms describe "unlimited" services, and, at the least, the scope of the order forms is ambiguous. *Davenport Ltd. P'ship v. 75th & Dodge I, L.P.*, 780 N.W.2d 416, 422 (Neb. 2010) ("The meaning of an ambiguous contract, however, is generally a question of fact."). Accordingly, a novation cannot clearly be inferred from the express terms of the order forms or the record before the Court.

**B.     InterCall's Claim for Breach of Contract**

Both parties assert in their Motions for Partial Summary Judgment that the other party breached the InterCall Order Form. EMSI claims that InterCall breached the

9

InterCall Order Form because it failed to provide the promised Rapid Learning enhancements--the central purpose of the InterCall Order Form. InterCall argues that even it did breach the InterCall Order Form by failing to provide the Rapid Learning services, EMSI waived any breach by accepting the benefits of the InterCall Order Form through continued use of Content Management on an unlimited-seat basis, and that EMSI breached the InterCall Order Form by failing to make payments for EMSI's use of Brainshark's Content Management Software.

"A written contract may be waived in whole or in part, either directly or inferentially, and the waiver may be proved . . . by so neglecting and failing to act as to induce the belief that it was the intention to waive." *Davenport Ltd. P'ship*, 780 N.W.2d at 425. "In order to establish a waiver of a legal right, there must be clear, unequivocal, and decisive action of a party showing such purpose, or acts amounting to estoppel on his or her part." *Davenport Ltd. P'ship*, 780 N.W.2d at 425. "Though it is an equitable doctrine, estoppel is an issue of fact under Nebraska law." *Roeder v. Metro. Ins. & Annuity Co.*, 236 F.3d 433, 438 (8th Cir. 2001) (citing *Woodard v. City of Lincoln*, 588 N.W.2d 831, 836–37 (Neb. 1999) (internal marks and citations omitted). Further, "[t]he general rule is that the assertion of the invalidity of a contract is nullified by the subsequent acceptance of benefits growing out of the contract claimed to have been breached." *Pearce v. ELIC Corp.*, 329 N.W.2d 74, 79 (Neb. 1982).

As noted above, the order forms are ambiguous as to the scope of the subscription services provided. Both order forms contemplated similar services, and both order forms described "unlimited" services. The parties dispute the nature and

extent of the unlimited services in the two order forms.[5] The Court cannot conclude as a matter of law that the InterCall Order Form governed EMSI's use of Content Management from July 1, 2011, through January 11, 2013; that EMSI waived InterCall's alleged breach of the InterCall Order Form; or that EMSI breached the InterCall Order Form.

### C. EMSI's Motion for Partial Summary Judgment

#### 1. *Rapid Learning Enhancements*

First, EMSI requests a finding that InterCall failed to deliver any of the Rapid Learning enhancements under the InterCall Order Form. InterCall admits that the Rapid Learning enhancements were not implemented. (*See* Compl. ¶ 10; Pl. Br., Filing No. 35 at 5.) While questions of fact remain as to whether the InterCall Order Form was a novation of the Brainshark Order Form, and/or whether EMSI's use of unlimited Content Management software estopped EMSI from asserting that the InterCall Order Form was invalid, InterCall has not come forward with evidence of a clear, unequivocal, and decisive action by EMSI demonstrating its waiver of InterCall's obligation to deliver the Rapid Learning enhancements. EMSI's continued use of Content Management alone does not constitute such a waiver. Accordingly, EMSI is entitled to partial summary judgment on the question of InterCall's breach of contract under the InterCall Order Form.

---

[5] EMSI asserts that the term "unlimited" as it appears in the Brainshark Order Form permitted ten licensed EMSI employees to upload an unlimited amount of content to the Brainshark website that can be viewed by an unlimited number of viewers. (Filing No. 27-1 ¶¶ 5-6; Filing No. 27-2.) InterCall denies that content could be viewed by an unlimited number of viewers under the Brainshark Order Form, and states that EMSI breached the InterCall Order Form by using Content Management on an "unlimited seat basis." (*See* Filing No. 24-1 ¶ 4.) However, the evidence InterCall cites does not provide evidence of what constitutes a "seat" is, and the Court cannot determine as a matter of law whether EMSI's use was contrary to either order form.

### 2. Termination of the InterCall Order Form

Second, EMSI argues that the InterCall Order Form was terminated and of no force and effect. InterCall argues that EMSI failed to terminate the InterCall Order Form in the manner prescribed, and the InterCall Order Form remained in effect. In Nebraska:

> [w]hen the right to terminate a contract on notice is reserved without any fraud or mistake, but with the actual knowledge and consent of all parties to the agreement, it is as valid in law as any other clause of the instrument; and the courts, when called upon, will enforce it, unless to do so would be manifestly contrary to equity and good conscience.

*Johnson Lakes Dev., Inc. v. Cent. Nebraska Pub. Power & Irrigation Dist.*, 576 N.W.2d 806, 815 (Neb. 1998) (quoting *Morrissey v. Broomal*, 56 N.W. 383, 386 (Neb. 1893)).

InterCall argues that "[a]s a general rule, contractual requirements as to notice of termination must be strictly observed. Indeed, it has been said that a notice of cancellation which does not comply with the requirements of the contract is without effect." 17A Am. Jur. 2d Contracts § 544 (citations omitted). InterCall argues that because EMSI failed to comply with the notice of termination requirements incorporated into the InterCall Order Form, the InterCall Order Form continued in effect, and was automatically renewed on July 1, 2012.

EMSI does not assert that it gave notice of termination of the InterCall Order Form before automatic renewal. Instead, EMSI argues that even if it did not terminate the InterCall Order Form before the renewal period and in the manner prescribed, the InterCall Order Form was terminated because of InterCall's material breach.

"Grounds for cancellation or rescission of a contract include, inter alia, fraud, duress, unilateral or mutual mistake, and inadequacy of consideration, which may arise

12

from nonperformance of the agreement." *Eliker v. Chief Indus.,* 498 N.W.2d 564, 566 (Neb. 1993) (citing 13 Am.Jur.2d *Cancellation of Instruments* § 23 (1964)). Further, "ground for equitable cancellation may arise from a breach of contract which is so substantial and fundamental as to defeat the object of the parties in entering into the contract." *Id.* (citing *Klapka v. Shrauger*, 281 N.W. 612, 616 (Neb. 1938)). EMSI asserts that its principal purpose for entering the InterCall Order Form was to obtain enhancements to Brainshark's Rapid Learning software. EMSI claims that InterCall's failure to provide the Rapid Learning enhancements was a substantial and fundamental breach of the InterCall Order Form, and in itself was sufficient to terminate the InterCall Order Form.

"The question of whether a breach was "substantial" or "material" is ordinarily a question of fact." *Watts v. Butte Sch. Dist. No. 5*, 939 F. Supp. 1418, 1428 (D. Neb. 1996) (citing E. Farnsworth, *Contracts* § 8.16 (2d ed. 1990)). Accordingly, the Court will not grant summary judgment on the issue of whether or when the InterCall Order Form was terminated.

## II. Motions to Strike

The Court has reviewed and considered the parties' arguments with respect to the Motions to Strike. The Court has not relied on any disputed evidence in reaching its decision and, therefore, need not address the sufficiency or admissibility of the disputed evidence at this time. Accordingly, the Motions to Strike will be denied as moot, without prejudice to reassertion at a later stage of the proceedings.

## CONCLUSION

InterCall's Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment, will be denied. Issues of fact remain as to whether the InterCall Order Form was a novation of the Brainshark Order Form, and/or whether EMSI's use of unlimited Content Management software estopped EMSI from asserting that the InterCall Order Form was invalid or terminated.

EMSI's Motion for Partial Summary Judgment will be granted in part because there is no genuine dispute that InterCall failed to deliver or implement the Rapid Learning enhancements as promised in the InterCall Order Form and thereby breached the terms of the InterCall Order Form. However, factual issues remain as to whether EMSI validly terminated the InterCall Order Form for cause, and/or whether InterCall's failure to provide the Rapid Learning enhancements was so substantial and fundamental a breach of the InterCall Order Form as to defeat the object of the parties and provide grounds for equitable termination of the InterCall Order Form.

Accordingly,

IT IS ORDERED:

1. The Motion for Summary Judgment or, in the alternative, Partial Summary Judgment (Filing No. 22) filed by Plaintiff InterCall, Inc., is denied;

2. The Motion for Partial Summary Judgment (Filing No. 25) filed by Defendant Examination Management Services, Inc., is granted in part, as follows:

    a.    The Court finds that InterCall failed to deliver or implement the Rapid Learning enhancements as promised in the InterCall Order Form and thereby breached the terms of the InterCall Order Form;

    b.    The Motion is otherwise denied; and

3. The Motions to Strike (Filing Nos. 28 and 44) filed by Defendant Examination Management Services, Inc., and the Motion to Strike (Filing No. 31) filed by Plaintiff InterCall, Inc., are denied as moot, without prejudice to reassertion.

Dated this 28th day of August, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge