IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| INTERCALL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | 8:13CV175 |
| V. | ) ) ) | |
| EXAMINATION MANAGEMENT SERVICES, INC., | ) ) ) | ORDER |
| Defendant. | ) ) ) | |

This matter is before the Court on Plaintiff's Amended Motion for Leave to Amend Complaint and to Join a Necessary and Indispensable and/or Proper Party (filing 63). For the reasons expressed below, Plaintiff's motion will be denied.

## BACKGROUND

Plaintiff Intercall, Inc. provides audio, web and video conferencing services and is a licensed and authorized reseller of services for Brainshark, Inc. ("Brainshark"). Defendant is an information service provider. Defendant was referred to Plaintiff by Brainshark so that Defendant could use Brainshark's Content Management services and Rapid Learning services. Plaintiff and Defendant entered into a Brainshark Unlimited Edition Services Order Form on July 1, 2011 (the "Intercall Order Form").

On May 9, 2013, Plaintiff filed suit against Defendant in the District Court of Douglas County, Nebraska, seeking payment from Defendant for the Content Management services Defendant used from July 1, 2011 through January 11, 2013. (Filing 1.) The Complaint asserted claims for breach of contract, quantum meruit, on account, and unjust enrichment. (*Id*.) On June 11, 2013, Defendant removed the action to this Court on the basis of diversity jurisdiction. (*Id*.)

On July 18, 2013, Defendant filed its Answer, Affirmative Defenses and Counterclaim. (Filing 8.) In its Answer, Defendant denied that the InterCall Order Form constituted a binding contract between Plaintiff and Defendant or that Defendant breached the Order Form. Defendant further alleged that even if the InterCall Order Form constituted a binding contract, Plaintiff's claims are barred because Plaintiff breached the InterCall Order Form by failing to implement the Rapid Learning enhancements. Defendant also claimed that a Subscription Order Form it entered into with Brainshark on August 23, 2010 ("Brainshark Order Form") controlled Defendant's obligation to pay for the Content Management services.

The undersigned held a scheduling conference with counsel on November 15, 2013. At that time, counsel indicated that they would file motions for summary judgment to determine whether the InterCall Order Form or Brainshark Order Form governed the parties' business dealings. The parties were ordered to submit their respective motions by May 9, 2014.

The parties filed their respective motions for summary judgment on May 9, 2014. In its motion, Plaintiff argued that the InterCall Order Form governed the parties' business dealings, and that the Brainshark Order Form did not govern the parties' relationship or was superseded by the InterCall Order Form. (Filing 22.) In its motion, Defendant asserted that Plaintiff failed to deliver and implement any Rapid Learning enhancements as required by the InterCall Order Form, and that Defendant's use of Brainshark's Content Management services was governed by the Brainshark Order Form because the Intercall Order Form had been terminated by Defendant. (Filing 25.)

On August 28, 2014, Chief District Court Judge Laurie Smith Camp denied Plaintiff's motion for summary judgment, and granted Defendant's motion, in part. (Filing 48.) In the Memorandum and Order, Judge Smith Camp found that Plaintiff "failed to deliver or implement the Rapid Learning enhancements as promised in the InterCall Order Form and thereby breached the terms of the InterCall Order Form." (*Id*.) Judge Smith Camp further determined that the question of whether this breach was material is a question of fact for the trier of fact. (*Id*.)

## DISCUSSION

Plaintiff contends that based on the Court's conclusion that it breached the InterCall Order Form by failing to implement the Rapid Learning enhancements, it now has a breach of contract claim against Brainshark. Plaintiff asserts that under the terms of a Distribution and Reseller Agreement ("Reseller Agreement") between Brainshark and Plaintiff, Brainshark was contractually bound to install, implement, and maintain all Brainshark services, including Content Management and Rapid Learning services, that Plaintiff resold to its customers. Accordingly, Plaintiff contends that Brainshark is a necessary and indispensable party that should be added to this action. Plaintiff also asserts that because Brainshark's inclusion in the action would destroy diversity jurisdiction, this case should be remanded to state court.

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. However, a party does not have an absolute right to amend. *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008). "Rule 15 of the Federal Rules of Civil Procedure must be considered with 28 U.S.C. § 1447(e),[1] which gives the court a great deal of discretion in determining whether to allow a party to amend a complaint by adding a party that will destroy diversity." *City of Lincoln v. Windstream Nebraska, Inc.*, No. 4:10CV03030, 2010 WL 2813763, *2 (D. Neb. July 15, 2010).

Plaintiff argues Brainshark must be added to this action because it is a necessary and indispensable party under Fed. R. Civ. P. 19. In determining whether parties are necessary, courts consider (1) whether complete relief between the parties can be granted in the absence of the proposed additional parties and (2) whether the proposed additional parties "claimed an interest relating to the subject of the action." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009).

Plaintiff has not shown that Brainshark is a necessary party. There is no evidence that

---

[1] Pursuant to 28 U.S.C. § 1447(e), [i]f "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

3

in Brainshark's absence, the Court cannot afford complete relief between Plaintiff and Defendant. *See Bailey,* 563 F.3d at 308 (finding proposed parties not necessary because their absence from the suit would not prevent complete relief between existing parties). Questions concerning the contractual relationship between Plaintiff and Defendant are separate from those surrounding Plaintiff's contractual arrangement with Brainshark. Any dispute between Plaintiff and Brainshark arises out of a separate contract between those parties.

Moreover, even if Brainshark could be considered a necessary party, it is not indispensable. "If a potential defendant, whose joinder would destroy jurisdiction, is determined to be indispensable, the district court must either permit joinder and grant remand under § 1447(e), or dismiss the action pursuant to Rule 19(b)." *Bailey*, 563 F.3d at 308. "The determination of whether or not a person is an indispensable party is one which must be made on a case-by-case basis and is dependent upon the facts and circumstances of each case." *Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Center, Inc.*, 564 F.2d 816, 819 (8th Cir. 1977) (citations omitted). Factors to be considered in evaluating whether a party is indispensable include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). None of these factors favor joinder.

4

Plaintiff has not shown that it would be prejudiced by Brainshark's absence from this suit. Plaintiff argues that if it is not allowed to amend its Complaint to join Brainshark as a defendant, Plaintiff will be forced to file a separate state court action against Brainshark for breach of the Reseller Agreement and/or unjust enrichment in order for Plaintiff to recover royalties and fees associated with Defendant's account that Plaintiff paid to Brainshark. Plaintiff asserts that this would lead to duplicative litigation, as well as the potential for inconsistent verdicts. The Court finds these arguments unpersuasive. At the time this action was filed in state court, Plaintiff was aware of Brainshark's failure to implement the Rapid Learning enhancements and that it had paid Brainshark a commission. In other words, the basis for Plaintiff's claims that it now wishes to assert against Brainshark has been known to Plaintiff since the beginning of this suit. Moreover, Plaintiff retains the ability to bring suit against Brainshark, if necessary, in a separate action.

Plaintiff further argues that even if Brainshark is not necessary and indispensable under Rule 19, the interest of justice requires that Plaintiff be granted leave to amend to join Brainshark as a defendant. A three-factor balancing test is employed in evaluating whether a non-diverse, unnecessary, and dispensable party should nonetheless be joined in the interest of justice. Specifically, the Court is required to consider (1) the extent to which joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment and (3) whether the plaintiff will be significantly injured if amendment is not permitted. *Bailey*, 563 F.3d at 309.

Plaintiff claims it is not seeking to defeat federal jurisdiction, but is simply attempting to promote judicial economy and protect its interests by preventing duplicative litigation. Plaintiff claims it was not dilatory in seeking this amendment because the present posture of the case is a result of the parties' request that they be permitted to conduct initial limited discovery and then file motions for summary judgment as to whether the InterCall Order Form or Brainshark Order Form governs the parties' relationship. Still, Plaintiff would not be injured if amendment is not allowed. As stated previously, even if Brainshark is not joined in this suit, Plaintiff could maintain a separate action against Brainshark, if necessary. Moreover, this case has been on-going for approximately 19 months, the interest of justice does not favor adding another party, as well as a host of other issues, at this point.

Finally, Plaintiff argues that Brainshark should be added under the permissive joinder provisions of Fed. R. Civ. P. 20. However, for the reasons explained above, permissive joinder is inappropriate in this case.

**IT IS ORDERED** that Plaintiff's Amended Motion for Leave to Amend Complaint and to Join a Necessary and Indispensable and/or Proper Party (filing 63) is denied.

**DATED January 15, 2015.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**